IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


ANDREW NUNEZ,

                Plaintiffs,

vs.                                            2:19-cv-00063-KG-LF


NEW MEXICO CORRECTIONS DEPARTMENT,
an agency of the State of New Mexico,
CORRECTIONAL PROPERTIES TRUST,
a Florida based real estate investment trust,
GEO CORRECTIONS AND DETENTION, LLC
a foreign limited liability company,
GREGG MARCANTEL, a former Secretary of
New Mexico Corrections Department,
DAVID JABLONSKI, Secretary of New Mexico
Corrections Department,
RAYMOND SMITH, Warden of Lea County
Correctional Facility,
ROSE BOBCHACK, Director of Probation and Parole
Division of New Mexico Corrections Department,
JANE DOE, classifications officer for New Mexico
Corrections Department, and
JOHN DOE, classifications officer for the Lea County
Correctional Facility in their individual and official capacities,

                Defendants.

**ORDER GRANTING MOTION TO STAY DISCOVERY AND
<u>DENYING MOTION TO APPOINT COUNSEL</u>**

THIS MATTER comes before the Court on defendants the New Mexico Corrections

Department and former secretary David Jablonski's (collectively "NMCD") Unopposed Motion

to Stay Proceedings and Memorandum of Law in Support Thereof, filed on January 29, 2019.

Doc. 5.[1]  Pursuant to our local rules, NMCD contacted Mr. Nunez's counsel to determine whether the motion was opposed.  Doc. 5 at 1, n.1.  On January 30, 2019, the day after NMCD filed its motion to stay, Mr. Nunez's counsel withdrew from the case.  Docs. 7, 8.  Due to counsel's withdrawal, the Court ordered NMCD to determine whether Mr. Nunez opposed the motion to stay.  Doc. 8 at 2.   On January 31, 2019, NMCD filed a notice advising the Court that Mr. Nunez did oppose the motion.  Doc. 10.  Although Mr. Nunez opposed the motion to stay, he did not file a response to the motion.  Instead, on February 8, 2019, Mr. Nunez filed a letter asking the Court to appoint counsel.  Doc. 13.

Having reviewed NMDC's motion to stay and noting a lack of a response from Mr. Nunez, the Court finds that the motion is well taken and will GRANT it.  The Court has also reviewed and considered Mr. Nunez's motion to appoint counsel, finds that it is not well taken, and will DENY it.

## I.  NMCD's Motion to Stay

This case arises from Mr. Nunez's claims of violations of his right under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.  Doc. 1-2 at 6.  Mr. Nunez brings his claims pursuant to 42 U.S.C. § 1983.  *Id*.  Mr. Nunez alleges that he was unlawfully detained and incarcerated for at least 60 days because of errors made by the NMCD.  *Id*. at 9.

NMCD filed a motion to dismiss Mr. Nunez's complaint based, in part, on qualified immunity.  Doc 4.  NMCD also filed a motion to stay discovery pending a ruling on the motion to dismiss, which is the motion addressed in this order.  Doc. 5.  The Court will grant the motion to stay not only because Mr. Nunez's failure to file a response to the motion constitutes consent

---

[1] Defendant GEO Corrections and Detention, LLC, does not oppose NMCD's motion to stay. Doc. 18.

to grant it; but also because discovery should be stayed until the Court decides whether defendants are entitled to qualified immunity.

A. Mr. Nunez's Failure to File a Response to the Motion to Stay

This district's local rules state: "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ 7.1(b). NMCD filed their motion to stay on January 29, 2019. Doc. 5. The Court ordered NMCD to determine whether Mr. Nunez opposed their motion to stay and file a notice with the Court indicating whether Mr. Nunez opposed the motion. If Mr. Nunez did oppose the motion, he had 14 days from the date the notice was filed to file a response to the motion to stay. Doc. 8 at 2. NMCD filed the notice noting Mr. Nunez's opposition to the motion to stay on February 1, 2019. Mr. Nunez had until February 15, 2019, to file a response. Mr. Nunez did not file a response by February 15, 2019, and has never submitted a response. Although Mr. Nunez is a pro se party, he still is obligated to "follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Accordingly, Mr. Nunez has consented to the Court granting NMCD's motion to stay. D.N.M.LR-Civ 7.1(b).

B. A Stay of Discovery is Warranted

It is well settled that a qualified immunity defense "protects the official both from liability as well as from the ordinary burdens of litigation, including far-ranging discovery." *Workman v. Jordan*, 958 F.2d 332, 335 (10th Cir. 1992) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982)). The Supreme Court repeatedly has emphasized the importance of resolving the issue of qualified immunity early on in the litigation. *Scott v. Harris*, 550 U.S. 372, 376 n.2 (2007) (citing *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam)). The Court later

clarified that the defense of qualified immunity does not create immunity from all discovery, but only from "broad-reaching discovery," and it recognized that "limited discovery may sometimes be necessary before the district court can resolve a motion for summary judgment based on qualified immunity." *Crawford-El v. Britton*, 523 U.S. 574, 593 n.14 (1998) (quotation omitted). Unlike a motion for summary judgment, however, a motion to dismiss tests the legal sufficiency of a complaint and requires no additional discovery. *See Ashcroft v. Iqbal*, 556 U.S. 662, 674−75 (2009).

Whether an official is entitled to qualified immunity turns on whether his conduct violated clearly established statutory or constitutional rights of which a reasonable official would have been aware. *Harlow*, 457 U.S. at 818; *see also Plumhoff v. Rickard*, 572 U.S. 765, 778−79 (2014) (reaffirming that officials acting in discretionary capacities are generally entitled to qualified immunity unless their conduct violates clearly established law). Therefore, qualified immunity depends on the objective reasonableness of the official's conduct. *Harlow*, 457 U.S. at 818. Standard practice in this District is to stay discovery—as to all defendants—when the defense of qualified immunity has been raised. *See Workman*, 958 F.2d at 336; *see also Herrera v. Santa Fe Pub. Schs.*, No. CIV 11-0422 JB/KBM, 2012 WL 6846393, at *10 (D.N.M. Dec. 20, 2012) (unpublished). Accordingly, the motion to stay is warranted in this case because NMCD has moved to dismiss Mr. Nunez's complaint based on a claim of qualified immunity.

## II. Mr. Nunez's Motion to Appoint Counsel

Instead of filing a response to the motion to stay, Mr. Nunez filed a letter with the Court on February 8, 2019 that the Court will construe as a motion to appoint counsel. Doc. 13. On February 22, 2019, NMCD filed a response to Mr. Nunez's motion. Doc. 16. The Court will deny Mr. Nunez's request.

A district court may, in its broad discretion, appoint counsel to an indigent party in a civil case, *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991), but civil litigants enjoy no constitutional right to an attorney, *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (per curiam). In determining whether to appoint counsel, the district court should consider the merits of the litigant's claims, the nature and complexity of the factual and legal issues, and the litigant's ability to investigate the facts and to present his claims. *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). The Court has reviewed the complaint and subsequent filings in light of the foregoing factors. In his motion, Mr. Nunez explains that he is indigent and disabled. Doc. 13 at 2. He appears, however, to understand the issues in the case and to be representing himself in an intelligent and capable manner. *See Lucero v. Gunter*, 52 F.3d 874, 878 (10th Cir. 1995). Accordingly, the Court will deny the letter request for appointment of counsel.

IT IS THEREFORE ORDERED that NMCD Motion to Stay Discovery (Doc. 5) is GRANTED. Discovery in this case shall be stayed, as to all defendants, pending resolution of NMCD's motion to dismiss (Doc. 4) or until further order of the Court.

IT IS FURTHER ORDERED that Mr. Nunez's letter motion to appoint counsel (Doc. 13) is DENIED.

Laura Fashing
United States Magistrate Judge