IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDREW NUNEZ,

    Plaintiff,

vs.                                                                         Civ. No. 19-63 KG/LF

NEW MEXICO CORRECTIONS DEPARTMENT,
an agency of the State of New Mexico,
CORRECTIONAL PROPERTIES TRUST,
a Florida based real estate investment trust,
GEO CORRECTIONS AND DETENTION, LLC
a foreign limited liability company,
GREGG MARCANTEL, a former Secretary of
New Mexico Corrections Department,
DAVID JABLONSKI, Secretary of New Mexico
Corrections Department,
RAYMOND SMITH, Warden of Lea County
Correctional Facility,
ROSE BOBCHACK, Director of Probation and Parole
Division of New Mexico Corrections Department,
JANE DOE, classification officer for New Mexico
Corrections Department, and
JOHN DOE, classification officer for the Lea County
Correctional Facility in their individual and official capacities,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon "Defendants' Motion to Dismiss and/or for Qualified Immunity on All of Plaintiff's Claims and Memorandum of Law in Support, Therefore" (Motion to Dismiss), filed on January 29, 2019, by Defendants the New Mexico Corrections Department (NMCD) and former Secretary of the New Mexico Corrections Department, David Jablonski (Jablonski), collectively NMCD Defendants. (Doc. 4). NMCD Defendants bring the Motion to Dismiss under both Fed. R. Civ. P. 12(b)(6) ("failure to state a claim upon which relief can be granted") and Fed. R. Civ. P. 12(b)(5) ("insufficient service of

process"). *Pro se* Plaintiff did not file a response.[1] On April 12, 2019, the Magistrate Judge entered an order staying discovery pending resolution of the Motion to Dismiss. (Doc. 21). Having considered the Motion to Dismiss and the Amended Verified Complaint (Doc. 1-2), the Court grants the Motion to Dismiss as described below and lifts the stay of discovery.

A. *The Amended Verified Complaint*

Plaintiff alleges that errors by all Defendants resulted in his unlawful detention and incarceration at the Lea County Correctional Facility for at least 60 days. (Doc. 1-2) at ¶¶ 16 and 19. Plaintiff contends that on July 17, 2014, he filed a petition for writ of habeas corpus. *Id.* at ¶ 20. Plaintiff further contends that "[a]fter multiple days of wrongful incarceration and detention, a stipulated order was entered on October 9, 2014, dismissing Plaintiff's writ of habeas corpus and ordering his immediate release." *Id.* at ¶ 21.

Plaintiff sues the individual Defendants in their individual and official capacities. *Id.* at 1 (case caption). Plaintiff alleges that Defendants violated the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution in contravention of 42 U.S.C. § 1983. *Id.* In Count One, Plaintiff alleges Section 1983 violations against "[a]ll named Defendants" for having "deprived Plaintiff of liberty and infringed upon his right to be free from unreasonable seizure, without due process, and in violation of equal protection of the laws." *Id.* at ¶ 25. In Count Two, Plaintiff alleges Section 1983 violations by "Defendants" for depriving "Plaintiff of his right to procedural due process." *Id.* at ¶ 28. Finally, in Count Three, Plaintiff alleges Section 1983 violations by "all Defendants" for depriving "Plaintiff of his right to be free from cruel and unusual punishment." *Id.* at ¶ 31.

---

[1] Plaintiff's attorney withdrew from representing Plaintiff on January 31, 2019. (Doc. 8). Plaintiff has not retained new legal counsel.

Plaintiff mentions the New Mexico Constitution at the outset of the Amended Verified Complaint, but he does not specifically allege a violation of the New Mexico Constitution in any of the Counts nor does Plaintiff mention the New Mexico Constitution elsewhere in the Amended Verified Complaint.

Plaintiff seeks compensatory damages, punitive damages, and attorney's fees and costs as allowed under Section 1983. *Id.* at 10.

B. *Service of Process*

Plaintiff filed the original complaint in state court on October 9, 2017. (Doc. 14-1). On December 20, 2017, the state court issued summonses for Defendants. Plaintiff apparently did not serve this complaint on Defendants. On December 12, 2018, the state court allowed Plaintiff to file an amended complaint and to complete service of the amended complaint by December 27, 2018. (Doc. 14-18). Plaintiff filed the Amended Verified Complaint on December 20, 2018. (Doc. 1-2). On the next day, "the New Mexico Corrections Department's Office of General Counsel accepted service on behalf of the Defendants the New Mexico Corrections Department and then-Secretary David Jablonski only." (Doc. 4) at 3, ¶ 10. According to NMCD Defendants, Plaintiff did not serve "a copy of the process on the New Mexico Attorney General." *Id.* at 3, ¶ 11. NMCD Defendants subsequently removed the case to federal court on January 22, 2019. (Doc. 1).

C. *Discussion*

   *1. Rule 12(b)(6)*

NMCD Defendants make several arguments for dismissal under Rule 12(b)(6): (1) NMCD and Jablonski, in his official capacity, are immune from suit for monetary damages under Section 1983 because they are not "persons;" (2) Plaintiff has failed to state a Section 1983

3

constitutional claim against Defendant Jablonski, in his individual capacity, and Defendant Jablonski is entitled to qualified immunity from a Section 1983 suit in his individual capacity; (3) the New Mexico Tort Claims Act (NMTCA) statute of limitations bars any state tort claim; (4) Plaintiff failed to provide NMTCA notice to NMCD Defendants regarding any state tort claim; and (5) NMCD Defendants enjoy sovereign immunity from suit for any state tort claim because the NMTCA does not waive sovereign immunity in this case.

In ruling on a Rule 12(b)(6) motion to dismiss, the Court must accept all well-pleaded allegations as true and must view them in the light most favorable to the plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). Rule 12(b)(6) requires that a complaint set forth the grounds of a plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts sufficient to state a plausible claim of relief. *Id*. at 570. A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

> To avoid a Rule 12(b)(6) dismissal based on the defense of qualified immunity, plaintiffs must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated their constitutional rights, and that those rights were clearly established at the time. This requires enough allegations to give the defendants notice of the theory under which their claim is made.

*Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008). If a plaintiff fails to demonstrate that a defendant's conduct violated a constitutional right, then the Court need not reach the

additional question of whether the law was clearly established. *Butler v. Rio Rancho Pub. Schs. Bd. of Educ.*, 341 F.3d 1197, 1200 (10th Cir. 2003).

> *a. Section 1983 Claims*

NMCD Defendants argue first that Plaintiff cannot bring a Section 1983 claim for monetary damages against NMCD and Jablonski, in his official capacity, because they are not "persons" under Section 1983. "It is well established that arms of the state, or state officials acting in their official capacities, are not 'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits." *Hull v. State of New Mexico Taxation & Revenue Department's Motor Vehicle Div.*, 179 F. App'x 445, 446 (10th Cir. 2006). Accordingly, Plaintiff's action for damages under Section 1983 against NMCD, an arm of the state, and Jablonski, a state official acting in his official capacity, fails to state a plausible Section 1983 claim as a matter of law. The Court will dismiss those claims with prejudice pursuant to Rule 12(b)(6).

Next, NMCD Defendants argue that (1) Plaintiff has failed to state a claim for a constitutional violation against Jablonski, in his individual capacity, and (2) Jablonski, in his individual capacity, is entitled to qualified immunity. These two arguments overlap. To state a constitutional violation and, thus, establish the first prong necessary to defeat qualified immunity, Plaintiff must allege sufficient facts to give NMCD Defendants "notice of the theory under which" Plaintiff makes his claims. *Robbins*, 519 F.3d at 1249. When a plaintiff sues multiple defendants, as in this case, the Tenth Circuit has explained that

> [i]n § 1983 cases, defendants often include the government agency and a number of government actors sued in their individual capacities. Therefore it is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom,* to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state.

5

*Id.* at 1249–50. The use of the "collective term 'Defendants' [makes it] … impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed." *Id.* at 1250.

NMCD Defendants correctly observe that the Amended Verified Complaint does not allege what action each Defendant took to violate Plaintiff's constitutional rights. Instead, Plaintiff uses the collective "Defendants" in his Amended Verified Complaint. This method of pleading fails "to provide fair notice of the grounds for the claims made against each of the [D]efendants."[2] *Id.* Even accepting the factual allegations in the Amended Verified Complaint as true and viewing the Amended Verified Complaint in the light most favorable to Plaintiff, the general, conclusory and speculative nature of the allegations against the collective Defendants do not state a plausible constitutional claim against Jablonski, in particular. As such, qualified immunity applies. For this reason, the Section 1983 claims against Jablonski, in his individual capacity, are subject to a Rule 12(b)(6) dismissal without prejudice.

### b. State Tort Claims

To the extent Plaintiff alleges a state tort claim under the New Mexico Constitution, NMCD Defendants argue first that the NMTCA statute of limitations bars such a claim. The NMCD Defendants correctly explain that the applicable statute of limitations and law comes from the NMTCA. *See* NMSA 1978, § 41-4-2(A) (1996 Repl. Pamp.) (stating that "it is declared to be the public policy of New Mexico that governmental entities and public employees shall only be liable within the limitations of the Tort Claims Act … and in accordance with the

---

[2] This failure to provide fair notice to Jablonski also violates Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). *See Robbins*, 519 F.3d at 1249-50.

principles established in that act"). The statute of limitations under the NMTCA is "two years after the date of occurrence resulting in loss, injury or death…." NMSA 1978, § 41-4-15(A) (1996 Repl. Pamp.).[3] The "statute of limitations begins to run when a plaintiff knows or with reasonable diligence should have known of the injury and its cause, even if the claimant is not aware of the full extent of the injury." *Scott v. Dona Ana County,* 2013 WL 4516379, * 3 (N.M. App.) (addressing NMTCA and citing *Maestas v. Zager*, 2007-NMSC-003, ¶ 22, 141 N.M. 154).

Plaintiff alleges in his Amended Verified Complaint that Defendants unlawfully incarcerated and detained him prior to October 9, 2014, the date a court ordered Plaintiff's release from incarceration. (Doc. 1-2) at ¶ 21. Having filed a petition for habeas corpus in July 2014, before his release, Plaintiff probably was aware, or with reasonable diligence should have been aware, of the errors Defendants allegedly committed by the time of his ordered release on October 9, 2014. Plaintiff filed this lawsuit on October 9, 2017, three years after the order of release. Plaintiff, therefore, apparently violated the NMTCA two-year statute of limitations. If so, Plaintiff has not stated a plausible state tort claim against NMDC Defendants as a matter of law.

NMCD Defendants further argue that Plaintiff violated the NMTCA by failing to provide them with "a written notice stating the time, place and circumstances of the loss or injury" within ninety days of the "occurrence giving rise to a claim for which immunity has been waived under the Tort Claims Act…." NMSA 1978, § 41-4-16(A) (1996 Repl. Pamp.). No person can maintain a NMTCA lawsuit nor can a court exercise jurisdiction over an NMTCA case "unless notice has been given as required by this section, or unless the governmental entity had actual

---

[3] Section 41-4-15(A) was held unconstitutional as applied to minors, which has no bearing on this case. *See Jaramillo v. Heaton,* 2004-NMCA-123, ¶ 4, 136 N.M. 498.

notice of the occurrence." NMSA 1978, § 4-4-16(B). NMCD Defendants maintain that Plaintiff did not give them such a notice. Plaintiff, as a matter of law, cannot state a plausible state tort claim if he did not give NMDC Defendants the required NMTCA notice and if NMCD did not have actual notice of the occurrence serving as the basis for any state tort claim.

Next, NMCD Defendants argue that the NMTCA does not waive sovereign immunity for any possible state tort claim at issue here. "The NMTCA is the only remedy against a governmental entity or public employee for any tort for which the NMTCA waives immunity." *Hunt v. Cent. Consol. Sch. Dist.*, 951 F. Supp. 2d 1136, 1193 (D.N.M. 2013) (citing NMSA 1978, § 41–4–17(A) (1996 Repl. Pamp.)). "A plaintiff may not sue a governmental entity of New Mexico or its employees or agents unless the plaintiff's cause of action fits within one of the exceptions [to sovereign immunity] listed in the NMTCA." *Id.* Having reviewed those exceptions, the Court agrees with NMDC Defendants that the alleged actions in this case do not fall within an NMTCA exception to sovereign immunity. *See* NMSA 1978, § 41-4-5 to § 41-4-12 (1996 Repl. Pamp. and 2015 Cum. Supp.). For this reason as well, Plaintiff does not allege a plausible state tort claim as a matter of law. In sum, to the extent Plaintiff brings state tort claims, the Court will dismiss those claims with prejudice under Rule 12(b)(6).

*2. Rule 12(b)(5)*

Finally, NMCD Defendants argue that Plaintiff did not properly serve process on them under NMRA, Rule 1-004(H)(1)(b) and (c) (2018 ed.). Rule 1-004(H)(1)(b) and (c) require service on the state attorney general when suing a state department or state official. Without proper service, a court cannot exercise jurisdiction over a defendant. *Ortiz v. Shaw*, 2008-NMCA-136, ¶ 17, 145 N.M. 58 (holding that "[p]roper service of process is required before a court can exercise jurisdiction over a defendant and render a binding judgment").

NMCD Defendants claim that Plaintiff did not serve the state attorney general as required by Rule 1-004(H)(1)(b) and (c). Consequently, service on NMCD Defendants was insufficient under Rule 1-004(H)(1)(b) and (c). The state court, thus, did not have jurisdiction over NMCD Defendants. By extension, this Court also does not have jurisdiction over NMCD Defendants. *Sarnella v. Kuhns*, 2018 WL 1444210, at *1 (D. Colo.) (noting that "[w]ithout proper service, the Court lacks personal jurisdiction over the Defendant" (citing *Oklahoma Radio Associates v. FDIC*, 969 F.2d 940, 943 (10th Cir. 1992)). Dismissal of the action against NMCD Defendants under Rule 12(b)(5) for "insufficient service of process" is appropriate, albeit such a dismissal would be without prejudice. *See Baca v. Rodriguez,* 2013 WL 12147634, at *2 (D.N.M.), *aff'd*, 554 Fed. Appx. 676 (10th Cir. 2014) (stating that "[a] defendant dismissed pursuant to Rule 12(b)(5) generally is dismissed without prejudice"). Because Plaintiff's claims against NMCD Defendants are subject to dismissal under Rule 12(b)(6), the Court notes that a Rule 12(b)(5) dismissal is redundant.

IT IS ORDERED that

1. "Defendants' Motion to Dismiss and /or for Qualified Immunity on All of Plaintiff's Claims and Memorandum of Law in Support, Therefore" (Doc. 4) is granted;

2. the Section 1983 claims against NMCD and Jablonski, in his official capacity, are dismissed with prejudice;

3. the Section 1983 claims against Jablonski, in his individual capacity, are dismissed without prejudice;

4. any state tort claims against NMCD Defendants are dismissed with prejudice; and

5. the stay of discovery is lifted.

_____
UNITED STATES DISTRICT JUDGE