IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDREW NUNEZ,

        Plaintiffs,

vs.                                                                                    2:19-cv-00063-KG-LF

NEW MEXICO CORRECTIONS DEPARTMENT,
an agency of the State of New Mexico,
CORRECTIONAL PROPERTIES TRUST,
a Florida based real estate investment trust,
GEO CORRECTIONS AND DETENTION, LLC,
a foreign limited liability company,
GREGG MARCANTEL, a former Secretary of
New Mexico Corrections Department,
DAVID JABLONSKI, Secretary of New Mexico
Corrections Department,
RAYMOND SMITH, Warden of Lea County
Correctional Facility,
ROSE BOBCHACK, Director of Probation and Parole
Division of New Mexico Corrections Department,
JANE DOE, classifications officer for New Mexico
Corrections Department, and
JOHN DOE, classifications officer for the Lea County
Correctional Facility, in their individual and official capacities,

        Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on the *sua sponte* order to show cause issued on August 30, 2019, to pro se plaintiff Andrew Nunez. Doc. 33. The August 30, 2019 order to show caused issued is not the first order to show cause issued by the Court. The Court issued an order to show cause on June 5, 2019, for plaintiff's failure to serve Gregg Marcantel (Doc. 23), and another order to show cause on June 16, 2019, for plaintiff's failure to serve defendants Correctional Properties Trust, Raymond Smith, and Rose Bobchack (Doc. 24). Plaintiff failed to perfect service on these defendants or file a written response to the orders to show cause in

violation of those orders. The Court subsequently dismissed Gregg Marcantel, Correctional Properties Trust, Raymond Smith, and Rose Bobchack. Docs. 25, 27.

The Court set a telephonic Rule 16 initial scheduling conference for August 30, 2019, at 2:00 p.m. Doc. 28. Mr. Nunez did not appear for the conference in violation of that order. Mr. Jahner, appearing on behalf of GEO Corrections and Detention, LLC, the only remaining defendant, advised the Court that he had been in contact with Mr. Nunez and had reminded him about the telephonic conference. Doc. 30. Mr. Jahner further advised that he had discussed the joint status report and provisional discovery plan ("JSR") with Mr. Nunez in general terms, reminded him of his obligation to supply his portions of the JSR, and provided Mr. Nunez with a Word version of the JSR. *Id*. Mr. Nunez, however, did not supply Mr. Jahner or the Court with his portions of the JSR, and did not otherwise participate in the initial scheduling conference. *See* Docs. 29, 30. Accordingly, the Court issued a third order to show cause for Mr. Nunez's failure to attend the scheduling conference. Doc. 33.

In the order to show cause, the Court cautioned Mr. Nunez that his "failure to comply with this order may result in a recommendation to the District Judge to dismiss Mr. Nunez's complaint without further warning." Doc. 33 at 2. Mr. Nunez had through September 13, 2019, to respond to the order to show cause. *Id*. There is no indication that Mr. Nunez did not receive the third order to show cause. Nonetheless, Mr. Nunez failed to respond in violation of that order. This is the fourth time Mr. Nunez has failed to comply with an order of the Court. Further, Mr. Nunez has not filed anything with the Court or participated in the prosecution of his claims since February 8, 2019.

The Court may issue any just orders, including sanctions authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party fails to appear at a scheduling or other pretrial conference, *see* FED. R. CIV. P.

16(f), or fails to obey a court order, *see* FED. R. CIV. P. 41(b). Rule 16(f) "indicates the intent to give courts very broad discretion to use sanctions where necessary to insure . . . that lawyers and parties . . . fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial." *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002) (quoting *Mulvaney v. Rivair Flying Serv., Inc. (In re Baker)*, 744 F.2d 1438, 1440 (10th Cir. 1984) (en banc)). "It is within a court's discretion to dismiss a case if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 918 (10th Cir.1992).

Before imposing dismissal as a sanction, a district court should evaluate the following factors on the record: "(1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Gripe*, 312 F.3d at 1188 (summarizing the *Ehrenhaus* factors). Dismissal as a sanction under Rule 16(f) should ordinarily be evaluated under the same factors. *See id.* "The factors do not create a rigid test but are simply criteria for the court to consider." *Id.* (citing *Ehrenhaus,* 965 F.2d at 921).

In this case, Mr. Nunez failed to obey several orders of the Court. He failed to participate in the creation of the JSR, failed attend the initial scheduling conference, and failed to respond to three orders to show cause. Mr. Nunez's failure to participate has caused a high degree of prejudice to defendant GEO. Defendant GEO has expended time and money discussing the JSR with Mr. Nunez at the meet and confer, preparing its portions of the JSR, and attending the scheduling conference. Notably, defendant GEO submitted a motion for judgment on the pleadings on September 5, 2019, that Mr. Nunez has not responded to within the time prescribed.

3

*See* D.N.M.LR-Civ. 7.4(a) ("A response must be served and filed within fourteen (14) calendar days after service of the motion."). Mr. Nunez's response was due on September 19, 2019, but none was filed.

Further, Mr. Nunez's lack of participation interferes with the judicial process. The case has been stymied by Mr. Nunez's refusal to respond or participate. The case cannot move forward without his participation. Mr. Nunez is culpable for violating the Court's orders. There is no indication that he did not receive the Court's orders, and no explanation why he has refused to abide by them. Finally, Mr. Nunez was warned in the order to show cause that sanctions—including dismissal—could be imposed. Doc. 33 at 2. Despite this warning, and dismissal of his claims against several defendants, Mr. Nunez has ignored the orders of this Court, indicating that lesser sanctions would not be effective.

Because the *Ehrenhaus* factors weigh in favor of dismissal, I recommend that pro se plaintiff Andrew Nunez's complaint be dismissed with prejudice.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific.** *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, **73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of** *de novo* **review by a district or appellate court. In other words, if no objections are filed, no appellate review will be allowed.**

_____
Laura Fashing
United States Magistrate Judge

4